IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **LINDA LEE SELPH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15-cv-2418-SHL-tmp |
| v. | ) |
| | ) |
| **ST. FRANCIS HOSPITAL MEMPHIS,** | ) |
| | ) |
| Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a document titled "request action on case due to no response from St. Francis Hospital in 21 days," which the court construes as a motion for entry of default, filed by plaintiff Linda Lee Selph on August 6, 2015. (ECF No. 11.) On June 22, 2015, Selph filed a *pro se* complaint against defendant Saint Francis Hospital, alleging unlawful termination of her employment in violation of the Americans with Disabilities Act of 1990. (ECF No. 1.) On June 23, 2015, the court denied Selph's motion to proceed *in forma pauperis*. (ECF No. 5.) Selph paid the $400 filing fee on July 2, 2015. (ECF No. 7.) On July 16, 2015, Selph filed a summons purportedly returned as executed as against Saint Francis Hospital. (ECF No. 8.) The address listed on the executed summons was "St. Francis Hospital, Memphis, c/o Keith Stanfill, 5959 Park Avenue,

Memphis, TN 38119." The court notes that this is the physical address of Saint Francis Hospital in Memphis, and according to Selph's complaint, Keith Stanfill is the Chief Human Resources Officer. The U.S. Postal Service delivery confirmation receipt attached to the summons was signed by an individual identified only as "R Thomas." The handwriting on the executed summons indicates that the summons was mailed on July 3, 2015, and the delivery confirmation receipt indicates that the summons was received on July 7, 2015.

On August 6, 2015, Selph filed the present motion seeking entry of default against Saint Francis Hospital, arguing that Saint Francis has not answered or otherwise responded to the complaint within 21 days as required by the Federal Rules of Civil Procedure.[1] Fed. R. Civ. P. 12(a)(1)(A)(i). However, based on the limited record before the court, it does not appear that service of process was properly effected. Federal Rule of Civil Procedure 4(h) explains that a corporation such as Saint Francis Hospital must be served either according to state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

---

[1] In order to obtain an entry of default under Rule 55(a), an application for entry of default must be filed with the Clerk, along with an affidavit or other competent proof of the defendant's failure to plead or otherwise defend the action. The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendant is in default.

authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Tennessee law permits service upon a corporation "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Although Tennessee law allows service to be effected by mail, the rule provides that "[s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." Tenn. R. Civ. P. 4.04(10). Selph has not provided any evidence of personal service, and the delivery confirmation receipt signed by an individual identified only as "R Thomas" does not establish that service by mail was accepted by an officer, a managing or general agent, or any other agent authorized to receive service of process on behalf of Saint Francis Hospital. See Seabrooks v. C.C.A. – Med. Dep't, No. 1:11-0078, 2012 WL 714908, at *2 (M.D. Tenn. Feb. 16, 2012) (recommending that entry of default be set aside because "[t]he record does not contain a return receipt showing personal

acceptance by Defendant Layas.  Additionally, there is no indication that "Theis," who apparently personally accepted the mailed summons and complaint, is a person designated by Rule 4.04 or statute to receive service of process for Defendant Layas.").  Because Selph is not entitled to an entry of default, it is recommended that Selph's motion be denied.[2]

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 19, 2015
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[2] By order entered on August 19, 2015, the undersigned Magistrate Judge has directed the Clerk of Court to re-issue summons for Saint Francis Hospital, so that Selph may effect service upon the defendant in compliance with Federal Rule of Civil Procedure 4(h).